UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | | |
|---|---|---|
| **JEFFERY LYNN ALEXANDER**     **REG. # 17560-035** | **:** | **DOCKET NO. 2:21-cv-03427**     **SECTION P** |
| **VERSUS** | **:** | **JUDGE JAMES D. CAIN, JR.** |
| **ROB MYERS** | **:** | **MAGISTRATE JUDGE KAY** |

**MEMORANDUM ORDER**

Before the court is a petition for writ of *habeas corpus* filed pursuant to 28 U.S.C. § 2241 by *pro se* petitioner Jeffery Lynn Alexander (Alexander) on September 21, 2021. Doc. 1. Alexander is an inmate in the custody of the Bureau of Prisons ("BOP") and is currently incarcerated at the Federal Correctional Institute in Oakdale, Louisiana ("FCIO").

**I.**
**BACKGROUND**

On February 16, 2016, Alexander was sentenced by the United States District Court for the Western District of Louisiana, Shreveport Division, to a 248-month term of imprisonment in Docket Number 5:15-cr-00066. He is currently serving this sentence at FCIO. *Id*. at p. 1.

Alexander filed the instant petition for habeas relief under 28 U.S.C. § 2241 in the Lake Charles Division, asserting that his prosecution under 18 U.S.C. 922(g) is "null and void because the Government was not able to prove both that Alexander knew he possessed a firearm and that he knew he belonged to the relevant category of persons barred from possessing a firearm." Doc. 1, p. 6. Further, he contends that his prior convictions "do not qualify him as an ACCA offender requiring resentencing without the ACCA offender enhancement." *Id*. at p. 7. He asks this Court

to vacate his sentence and re-sentence him "without the 922(g) sentence and ACCA enhancement." *Id*. at p. 9.

## II.
### LEGAL STANDARDS AND ANALYSIS

*A. Screening*

A district court may apply any and all of the rules governing habeas petitions filed under 28 U.S.C. § 2254 to those filed under § 2241. *See* Rule 1(b), Rules Governing § 2254 Cases in the United States District Courts. Rule 4 of the Rules Governing § 2254 Cases authorizes preliminary review of such petitions, and states that they must be summarily dismissed "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief." *Id.* at Rule 4. To avoid summary dismissal under Rule 4, the petition must contain factual allegations pointing to a "real possibility of constitutional error." *Id.* at Rule 4, advisory committee note (quoting *Aubut v. Maine*, 431 F.2d 688, 689 (1st Cir. 1970)). Accordingly, we review the pleadings and exhibits before us to determine whether any right to relief is indicated, or whether the petition must be dismissed.

*B. Section 2241/ Section 2255*

A § 2241 petition on behalf of a sentenced prisoner "attacks the manner in which a sentence is carried out or the prison authorities' determination of its duration." *Pack v. Yusuff*, 218 F.3d 448, 451 (5th Cir. 2000). In order to prevail, a § 2241 petitioner must show that he is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3).

Attacks related to sentencing are generally limited to a motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255. *Jeffers v. Chandler*, 253 F.3d 827, 830 (5th Cir. 2001); *Tolliver v. Dobre*, 211 F.3d 876, 877 (5th Cir. 2000). A § 2241 petition is properly construed as a § 2255 motion if it seeks relief based on errors that occurred at trial or sentencing. *Tolliver*, 211

F.3d at 877–78. As a general rule, a federal prisoner who seeks to collaterally challenge the legality of his conviction or sentence must file a § 2255 motion in the sentencing court. *Vinson v. Maiorana,* 605 Fed. Appx. 349 (5th 2015) (*citing Padilla v. United States*, 416 F.3d 424, 425-26 (5th Cir. 2005)).

Accordingly, this matter should be transferred to the sentencing court, the Shreveport Division of this district.

### III.
#### CONCLUSION

For reasons stated,

**IT IS ORDERED** that the instant petition for *habeas corpus* filed pursuant to 28 U.S.C. § 2241 be **TRANSFERRED** to the Shreveport Division of this Court.

THUS DONE AND SIGNED in Chambers this 19th day of January, 2022.

_____
KATHLEEN KAY
UNITED STATES MAGISTRATE JUDGE